JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| KAREEM WILSON, on behalf of himself, and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>*Plaintiff(s),*<br><br>v.<br><br>J.B. HUNT LOGISTICS, INC., an Arkansas corporation; J.B. HUNT TRANSPORT, INC., a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>*Defendants*. | Case No. 2:18-cv-3487-SVW-AFMx<br>*[Assigned to Hon. Stephen V. Wilson]*<br><br>**FINAL APPROVAL ORDER AND FINAL JUDGMENT**<br><br>Action Filed: March 2, 2018<br>Hearing Date: September 27, 2021<br>Hearing Time: 3:00 p.m.<br>Hearing Location: 10A |

1      WHEREAS, this matter has come before the Court for hearing for final approval of the Settlement Agreement as set forth in the Parties' Joint Stipulation and Settlement Agreement ("the Settlement Agreement"), and

     WHEREAS, the Court having considered all papers filed and arguments presented and otherwise being fully informed, **THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS**:

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiff and Class Members.

3. On July 27, 2020, Plaintiff submitted a copy of the Settlement Agreement with the LWDA. On May 13, 2021, at Defendants' request, the Settlement Agreement administrator ILYM Group, issued the notices required by the Class Action Fairness Act ("CAFA") to the Attorney Generals and Labor Commissioners for each required state.

4. Pursuant to the Preliminary Approval Order, the appointed Settlement Agreement Administrator, ILYM Group, mailed a Notice of Class Action Settlement Agreement ("Class Notice") and a Notice of Private Attorneys General Act of 2004 ("PAGA") Settlement Agreement ("PAGA Notice") to all known Class Members and PAGA Releasees by First Class U.S. Mail. The Class Notice and PAGA Notice fairly and adequately informed Class Members of the terms of the proposed Settlement Agreement and the benefits available to Class Members and PAGA Releasees thereunder. More specifically, the Notices informed Class Members and PAGA Releasees of the pendency of the Action, of the proposed Settlement Agreement, of their right to receive their share of the Settlement Agreement, of the scope and effect of the Settlement Agreement's Released Claims, of the preliminary Court approval of the proposed Settlement Agreement, of the exclusion and objection timing and procedures, of the date of the Final Fairness Hearing and of the right to appear in connection with the Final Fairness Hearing. Class

1  Members and PAGA Releasees had adequate time to use each of these procedures. The
2  Court finds and determines that this notice procedure afforded adequate protections to
3  Class Members and PAGA Releasees, and provides the basis for the Court to make an
4  informed decision regarding approval of the Settlement Agreement based on the responses
5  of Class Members and PAGA Releasees. The Court finds and determines that the Notice
6  of Class Action Settlement Agreement provided in the Action was the best notice
7  practicable, which satisfied the requirements of law and due process.

8      5. In response to the Notice of Class Action Settlement Agreement, no Class
9  Members objected to the Settlement Agreement.

10     6. The Court finds that the Settlement Agreement offers significant monetary
11 recovery to all Class Members and finds that such recovery is fair, adequate, and reasonable
12 when balanced against further litigation related to liability and damages issues. The Court
13 further finds that extensive and costly investigation, formal and informal discovery,
14 research and litigation have been conducted such that Class Counsel and Defense Counsel
15 are able to reasonably evaluate their respective positions at this time. The Court finds that
16 the proposed Settlement, at this time, will avoid substantial additional costs by all Parties,
17 as well as avoid the risks and delay inherent to further prosecution of the Action. The
18 Court further finds that the Settlement has been reached as the result of intensive, serious,
19 and non-collusive, arms-length negotiations. Thus, the Court approves the Settlement set
20 forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair,
21 adequate, and reasonable and directs the Parties to effectuate the Settlement Agreement
22 according to its terms.

23     7. The Court hereby orders the Settlement Administrator to distribute the
24 Individual Settlement Payments to Class Members in accordance with the provisions of the
25 Settlement Agreement.

26     8. For purposes of this Order and for this Settlement Agreement only, the Court
27 hereby certifies the Class, as defined in the Settlement Agreement.

28

9. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of Named Plaintiff Kareem Wilson as the class representative for the Class. Further, the Court approves a Class Representative General Release Payment to Plaintiff in the amount of One Thousand Dollars ($1,000). The Court hereby orders the Settlement Administrator to distribute the Class Representative General Release Payment to Plaintiff in accordance with the provisions of the Settlement Agreement.

10. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of David Spivak of The Spivak Law Firm and Walter Haines of the United Employees Law Group, as Class Counsel. Further, the Court finally approves the requested Attorney Fee Award, as fair and reasonable, not to exceed $25,000.00. As well, the Court finally approves the Costs Award of $10,974.95 as fair and reasonable. The fees and costs shall be for all claims for Class Counsel's attorneys' fees and litigation costs past, present and future incurred in the prosecution and resolution of the claims and neither Class Counsel, nor any other counsel, shall be permitted to petition the Court, or to accept any payments, for fees and costs relating to the prosecution and resolution of the claims other than the fees and costs awarded. The Court hereby orders the Settlement Agreement Administrator to distribute the fees and costs awards to Class Counsel in accordance with the provisions of the Settlement Agreement.

11. For purposes of this Order and this Settlement Agreement only, the Court hereby finally approves Settlement Administration Costs of $5,767.07 as fair and reasonable.

12. By operation of the entry of the Final Approval Order and Final Judgment, every Class Member shall have conclusively released the Released Claims against the Released Parties, including for any injunctive or declaratory relief.

13. Pursuant to the Settlement Agreement, Plaintiff agrees to provide a Complete and General Release and a 1542 Waiver to the Released Parties, as defined and set forth fully in the Settlement Agreement.

14. After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 180 days after the Effective Date, Plaintiff shall file a report with this Court certifying compliance with the terms of the Settlement Agreement.

15. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendants or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. Nor is this Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendants or any of the other Released Parties. The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants or any of the other Released Parties and shall not be offered in evidence against Defendant or any of the Released Parties in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Settlement Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding this Order, the Settlement Agreement, or any other papers and records on file in the Action as evidence of the Settlement and to support a defense of res judicata, collateral estoppel, release, waiver or other theory of claim preclusion, issue preclusion or similar defense as to the Released Claims.

16. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or retention of the Settlement funds to Defendants consistent with the terms of the Settlement Agreement, then this Order and all orders entered in connection herewith, including any order certifying the Class, appointing a class representative or Class Counsel, shall be rendered null and void and shall be vacated.

17. Final Judgment is hereby entered based on the parties' class action Settlement Agreement. Without affecting the finality of this Final Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement Agreement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

DATED: February 7, 2022

The Honorable *Stephen V. Wilson*
Judge of the United States District Court
Central District of California